### Sweem v. Steele.

1. Measure of damages. In an action on a bond wherein the obligor bound himself to procure the conveyance of certain lands to the obligee, in the absence of evidence showing fraud or culpable neglect on the part of the obligor, the limit of the damages for a breach is the penalty of the bond.
2. Evidence. In such an action evidence showing the value of the land at the date of the breach of the condition by the obligor is admissible only in connection with evidence of facts authorizing a recovery beyond the penalty of the bond.

*Appeal from Warren District Court.*

Saturday, April 14.

The material facts are stated in the opinion of the court. See also the same case, 5 Iowa 352.

*Williamson & Nourse* for the appellant.

*P. Gad Bryan* and *J. E. Williamson* for the appellee.

Lowe, C. J.—On the 24th of February, 1853, defendant bound himself to the plaintiff by a bond in the sum of one hundred dollars, to be void upon the condition that he would at the earliest practicable period procure a deed of conveyance to be made to plaintiff for a certain forty acre tract of land therein described, which he, the defendant, had before that time, caused to be entered by Weir, Finch & Co., in the name of William Einwochester, soldier &c. In August, 1855, plaintiff commenced his suit founded upon this obligation, claiming four hundred dollars damages for its breach; and stating in his petition, in substance, that in 1851, this lot of land was vacant and subject to entry; that he placed $50 in the hands of the defendant at that time; that defendant agreed to enter the same for him, but failed to do so; and that he appropriated the money to his own use, and wrongfully procured said land to be entered by another; that afterward, at the date of said bond, he represented that he could still obtain the title, and bound himself to procure it under the penalty stipulated in the bond, but had failed and neglected so to do. The plaintiff distinctly denies all these allegations except the execution and delivery of the bond in question; the giving of which is admitted, accompanied, however, with the declaration that the plaintiff knew at the time that the title of the land in question was in Wm. Einwochester. According to the bills of exceptions, the only proof offered by the plaintiff was the introduction of the bond aforesaid, and the testimony of two witnesses, who simply testified to the value of the forty acre lot in the year 1854, which testimony was objected to and saved by exceptions. The jury returned a verdict of $360 in favor of the plaintiff, being the average value of the land, as fixed by the witnesses, in 1854. A motion for a new trial was made; the overruling of which, and the admission of the evidence of the two witnesses aforesaid, are assigned as errors; for the correction of which the cause has been brought into this court by appeal.

It is quite clear that the evidence adduced by the plaintiff did not authorize the verdict rendered, and that a new trial should have been granted. The averments in the petition, that the land in question was vacant in 1851, and that the plaintiff at that time placed $50 in the hands of defendant, who agreed to enter the land, &c., are distinctly denied in the answer of the defendant, and are unsustained by any evidence whatever. The bond itself was produced in evidence at the trial, but there was no evidence showing that its condition had been broken, or otherwise explaining the cause of the failure, so as to bring the case within the rule of damages established by this court at a former hearing between the same parties. 5 Iowa 352. In the absence of any testimony showing the bad faith, fraud, or willfully culpable neglect of the defendant in his failure to perform the conditions of his contract, we suppose a recovery beyond the penalty of the bond ought not to be had.

The evidence of John Sweem and Martin King, who simply testified as to the value of the land in the spring of 1854, as the measure of the plaintiff's damages, could only be received legitimately upon the ground that it would be followed up with other evidence, exhibiting a state of case where the law, as intimated in a former decision, would authorize a recovery beyond the penalty of the bond. But this, plaintiff failed entirely to do, and the evidence of these witnesses should have been withdrawn from the consideration of the jury.

The ends of justice can not always be attained, yet they will be more nearly approximated by determining each case according to its own peculiar circumstances. Now, the relation of vendor and vendee never existed between these parties ; the title of the land in question never was in the defendant ; his undertaking was simply to procure the title from another. This, therefore, in part depended upon the *will* of that other, and it may be that no amount of diligence on his part could have effected it. If the facts set out in the petition were true, although not established, it would seem that

the acts of the defendant most complained of, and the consequent damages accruing to the plaintiff, resulted from a breach of trust, which occured before the execution and delivery of the bond sued upon; and that the penalty in the bond was agreed upon as liquidated damages, in the event the defendant should still fail to obtain for plaintiff the title to the land in question; and it is more than doubtful in the case as stated, whether the plaintiff under any circumstances should recover more than the penalty of the bond.

The judgment below is reversed and the cause again remanded.